UNITED STATES DISTRICT COURT
SOUTHRN DISTRICT OF INDIANA

| | |
|---|---|
| IVAN ROGERS, )<br>)<br>　　　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>SUN LAKES AT BAYSIDE HOMEOWNERS )<br>ASSOCIATION, INC., NANCY FORBUSH, )<br>KIRKPATRICK MANAGEMENT COMPANY, )<br>INC., BOB LUTZ AND JOHN FLECK, )<br>)<br>　　　　　　Defendants. ) | No. 1:09-cv-277-WTL-TAB |

## DEFENDANTS RESPONSE TO CIVIL RIGHTS COMPLAINT

Defendants, Sun Lakes at Bayside Homeowners, Association, Inc., Nancy Forbush, Kirkpatrick Management Company, Inc. Bob Lutz, and John Fleck, by counsel, for their response to the civil rights Complaint filed by Plaintiff, Ivan Rogers state:

### A. PARTIES

1. Defendants admit the material allegations contained in rhetorical paragraph A. 1.

2. Defendants admit the material allegations contained in rhetorical paragraph A. 2.

3. Defendants admit the material allegations contained in rhetorical paragraph A. 3.

4. Defendants admit the material allegations contained in rhetorical paragraph A. 4.

5. Defendants admit the material allegations contained in rhetorical paragraph A. 5.

6. Defendants admit the material allegations contained in rhetorical paragraph A. 6.

**B. JURISDICTION.**

1. Defendants lack knowledge or information sufficient to for a belief as to the material allegations contained in rhetorical paragraph B. 1.

2. Defendants lack knowledge or information sufficient to for a belief as to the material allegations contained in rhetorical paragraph B. 2.

3. Defendants lack knowledge or information sufficient to for a belief as to the material allegations contained in rhetorical paragraph B. 3

**C. NATURE OF CASE**

With regard to the first undesignated paragraph of Section C, Defendants admit that Plaintiff is an African American male married to a Caucasian female residing in Sun Lakes at Bayside, a condominium community. Defendants further admit that Sun Lakes has written rules and regulations governing all of the Owners.  Defendants further admit that Forbush is President of the Sun Lakes Homeowners Association, Inc.   Defendants further admit that Lutz is an employee of Kirkpatrick Management Company, Inc. and that Kirkpatrick contracts with the HOA for property management services, which may include enforcement of the covenants at the direction of the HOA.  Defendants admit that all Owners are required to pay assessments, per the Declaration of Horizontal Property Regime to cover the "Common Expenses" as defined in that document. Defendants deny any other material allegations contained in the undesignated first paragraph of Section C.

With regard to the second undesignated paragraph of Section C, Defendants admit that Rogers violated a parking rule sometime on 2002 or 2003; that he received written notice with

regard to that violation; and that he ultimately complied. Defendants further admit that Rogers complained about a parking violation of one of his neighbors in June 2007 and several times thereafter. Defendants admit that Fleck, a neighbor of Rogers and, at that time, a new member of the Board, visited Rogers and told Rogers he could contact Fleck at any time.  Defendants deny the remaining material allegations contained in the second undesignated paragraph of Section C.

With regard to the third undesignated paragraph of Section C, Defendants lack knowledge or information sufficient to form a belief as to the truth of the material allegations contained in that paragraph.

With regard to the fourth undesignated paragraph of Section C, Defendants admit that Rogers sent an email dated December 8, 2008 at 8:35 a.m. to Bob Lutz, which in part contained the language set forth in that paragraph.  Defendants deny the remaining material allegations contained in the fourth undesignated paragraph of Section C.

With regard to the fifth undesignated paragraph of Section C, Defendants admit that on January 12, 2009 at 11: 35 AM, Rogers sent an email to Forbush, which, in part, contained the language set forth in the Complaint.  Defendants deny the remaining material allegations contained in the fifth undesignated paragraph of Section C.

D.  **CAUSE OF ACTION**

**Claim 1. Discrimination**

**Supporting Facts:**  Defendants deny the material allegations contained in the paragraph denoted as "Supporting Facts"

1. Defendants deny the material allegations contained in rhetorical paragraph 1, including subparagraphs A and B under "supporting Facts".

2. Defendants deny the material allegations contained in rhetorical paragraph 2 under "Supporting Facts".

3. With regard to the rhetorical paragraph designated as 3 under "Supporting Facts", Defendants admit that on January 7, 2007 at Roger's home, Fleck told Rogers that Rogers could call him with complaints, Defendants deny the material allegations contained in rhetorical paragraph 3 under "Supporting Facts"

4. With regard to the first rhetorical paragraph designated as 4 under "Supporting Facts", Defendants admit that Fleck, then new to the Board, approached his neighbor Rogers just to make contact.  Defendants admit that as a part of that discussion Fleck offered to and did repair a wicker chair that Rogers was having trouble repairing. Defendants admit that Rogers raised the parking violations with Fleck and that Fleck said Rogers could bring complaints to him.  Defendants further admit that Fleck said "They're just kids.  Their place is up for sale. They'll be gone in a couple of months. And they've got kids.."  defendants also admit that as of the filing of the Complaint, the same residents had not sold their home, although as of the filing of this Response the home has been sold and residents have moved. The Defendants deny the remaining material allegations contained in this rhetorical paragraph.

5. Defendants deny the material allegations contained in the second rhetorical paragraph designated as "4" under "supporting Facts"

**Claim II:  Breach of Contract**

**Supporting Facts:** Defendants admit that all residents of Sun Lakes at Bayside, including Rogers, have entered into an agreement to pay a monthly fee for certain services to be

rendered by the Association.  Defendants deny that Rogers is current on those fees as of the date of this Response.

1. Defendants deny the material allegations contained in rhetorical paragraph 1, including 1(A) under "Supporting Facts".

2. Defendants deny the material allegations contained in rhetorical paragraph 2, under "Supporting Facts".

3. Defendants deny the material allegations contained in rhetorical paragraph 3, under "Supporting Facts".

**Claim III: Negligence**

**Supporting Facts:** Defendants deny the material allegations contained in the rhetorical paragraph labeled "Supporting facts" of Claim III.

1. Defendants admit that certain present and past Board members live near the property at 9480 Bridgewater Circle, Indianapolis, Indiana.  Defendants deny the remaining material allegations contained in rhetorical paragraph 1 under "Supporting Facts".

2. Defendants deny the material allegations contained in rhetorical paragraph 2 under "Supporting Facts".

**E.  PREVIOUS LAWSUITS**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the material allegations contained in the rhetorical paragraph labeled Previous Lawsuits.

## AFFIRMATIVE DEFENSES

**Failure to State a Claim.**  Plaintiff has failed to state a claim for which relief can be granted in that Section 3.13 of the Amended Declaration of Horizontal Property Ownership for Sun Lakes at Bayside Horizontal Property Regime recorded in the Office of the Marion County Recorder on

May 15, 1984 as Instrument No. 840035804 provides that no action can be brought against the Board for any error or mistake of judgment, excepting only willful misconduct, bad faith or gross negligence and the failure to enforce a covenant provision to the fullest extent of the law in each and every case does not constitute willful misconduct, bad faith or gross negligence.

**Estoppel.**  Plaintiff is estopped from suing the Association or its directors or agents by reason of failure to enforce any of the covenants of the Declaration for the reason that Section 17 of the Amended Declaration of Horizontal Property Ownership for Sun Lakes at Bayside Horizontal Property Regime recorded in the Office of the Marion County Recorder on May 15, 1984 as Instrument No. 840035804 provides that the covenants are enforceable "by any Owner, or by the Association" and "Owners or the Association shall be entitled to injunctive relief against any violation or attempted violation" of the covenants; and Plaintiff has failed or refused to take any direct action as a Owner to enforce the covenants that he believes have been violated.

**Res Judicata:** Plaintiff filed a claim under the same operative facts with the Indiana Civil Rights Commission dated July 3, 2007 designated as ICRC NO.: HOra07070323, which claim was dismissed on November 13, 2007.

**Laches:**  Plaintiff's claim is barred by the doctrine of laches in that the enforcement of the parking restriction against Plaintiff occurred in 2002 or 2003; no further enforcement proceeding for similar covenant violations have been brought by the Association or its directors or agents since that date.

**Statute of Limitations**.   The Defendants have not cited Rogers for any covenant violation, other than non-payment of assessments since 2003.  The statute of limitations has expired on that claim.

WHEREFORE, Defendants, Sun Lakes at Bayside Homeowners, Association, Inc., Nancy Forbush, Kirkpatrick Management Company, Inc. Bob Lutz, and John Fleck, pray that the Court deny all relief to Plaintiff Ivan Rogers and that the Court enter judgment in favor of said Defendants and against said Plaintiff and that the Court grant the Defendants all other just and proper relief in the premises.

THRASHER BUSCHMANN GRIFFITH & VOELKEL, P.C.

Date: August 17, 2009   By: s/ Stephen R. Buschmann
Stephen R. Buschmann Atty No. 3037-49
151 N. Delaware Street, Suite 1900
Indianapolis, IN 46204
Tel. (317) 686-4773
Fax: (317) 686-4777
Email: buschmann@indiana-attorneys.com

Attorneys for Defendants, Sun Lakes at
Bayside Homeowners, Association, Inc.,
Nancy Forbush, Kirkpatrick Management
Company, Inc. Bob Lutz, and John Fleck

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 14th day of April, 2009, he served the foregoing pleading by United States Mail, first class postage prepaid, on the persons listed below:

Ivan Rogers
9464 Bridgewater circle
Indianapolis, Indiana 46250

        s/ Stephen R. Buschmann_____
        Stephen R. Buschmann