**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| IVAN ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:09-cv-277-WTL-TAB |
| ) | |
| SUN LAKES AT BAYSIDE HOMEOWNERS ) | |
| ASSOCIATION, INC., NANCY FORBUSH, ) | |
| KIRKPATRICK MANAGEMENT COMPANY, ) | |
| INC., BOB LUTZ AND JOHN FLECK, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO COMPEL DISCOVERY

Defendants, Sun Lakes at Bayside Homeowners, Association, Inc., Nancy Forbush, Kirkpatrick Management Company, Inc. Bob Lutz, and John Fleck, by counsel, pursuant to Fed. R. Civ. P. 37(A)(1) move the Court for An Order compelling Plaintiff, Ivan Rogers to properly and completely respond to certain Interrogatories propounded by Defendants, and in support of such Motion state:

1. Plaintiff, Ivan Rogers filed his Pro Se Complaint on March 9, 2009.

2. Rogers has asserted that Nancy Forbush, John Fleck and Bob Lutz have individually discriminated against him and has demanded monetary and punitive damages for that alleged conduct. Rogers has also alleged similar conduct with regard to Kirkpatrick and Sun Lakes at Bayside. Defendants are entitled to ascertain from Rogers the specific nature and basis for these allegations and have sought to do so through certain Interrogatories.

3.      Defendants served their Defendants' First Set of Interrogatories to Plaintiff, Ivan Rogers on via Email and United States Mail, first class postage prepaid on October 5, 2009. (Exhibit "A")

4.      On November 4, 2009, Rogers served his Plaintiff, Ivan Rogers, Answers to Defendants' First set of Interrogatories.

5.      In that Answer, Rogers refused to respond to Interrogatory No 3 requesting the name and race of his three (3) immediate neighbors; and Interrogatories No. 4 – 8 requesting specific information as to the allegations of discrimination as to each Defendant. (Exhibit "B")

6.      On November 4, 2009, Defendants counsel tried to call Rogers to discuss the interrogatory responses and sent Rogers an email detailing the reasons defendants were entitled to responses.

7.      On November 5, 2009, Rogers responded that he received the phone message and email and that he would provide responses by November 13, 2009.

8.      On November 9, 2007 Rogers served his Plaintiff, Ivan Rogers' Amended Answers to Defendants' First Set of Interrogatories. (Exhibit "C")

9.      In that Amended answer, Rogers continued to refuse to Interrogatory No. 3 and refused to answer Interrogatories No. 4(f)(2); 5(e)(2); 6(f)(2); 7(e)(20; and 8(e)(2).

10.     Rogers has claimed that he is being discriminated against in that he is treated differently that others with regard to parking in a visitors lot directly across the street from his Condominium and with regard to the flying of a college flag down the street from his Condominium.

11.     Interrogatory No 3 seeks the name and race of the Condominium Owners next to Rogers who also are directly across the street from the visitor parking lot and who are also down

the street from the Unit that flew the college flag.  This is relevant and is reasonably calculated to lead to the discovery of admissible evidence to determine whether Rogers has been treated or impacted differently than his neighbors on the basis of race, interracial marriage or any other basis.

12.     Interrogatories No. 4(f)(2); 5(e)(2); 6(f)(2); 7(e)(20; and 8(e)(2) request that Rogers describe in detail how the alleged failure to enforce the parking or flag covenants impacted him, differently than his immediate three neighbors. This is relevant and is reasonably calculated to lead to the discovery of admissible evidence to determine whether Rogers can claims or can establish disparate treatment among similarly situated residents in the Sun Lakes community.

13.     Interrogatories 4 through 8 request, for each of the named Defendants, a detailed description of each specific act committed by each specific Defendant that Rogers alleges constitutes discrimination. Other than Roger's response to Interrogatory 8(b), Rogers has generically responded to the requests and has not identified a single date, or a single act, committed by any of the named Defendants nor has he provided any information as to how or on what basis he alleges that the specific named Defendant discriminated against him.

14.     Each Defendant had a different relationship and different dealings with Rogers and each is entitled to know the detailed allegations against them in order to prepare a defense.

15.     Defendants have attached hereto their Local Rule 37.1 Statement. (Exhibit "D").

WHEREFORE, Defendants, Sun Lakes at Bayside Homeowners, Association, Inc., Nancy Forbush, Kirkpatrick Management Company, Inc. Bob Lutz, and John Fleck, by counsel, request that the Court issue an order compelling Rogers to provide answers to Interrogatories 3, 4(f)(2); 5(e)(2); 6(f)(2); 7(e)(20; and 8(e)(2)  and that Rogers provide complete and non-evasive

answers to Interrogatories 4 through 8, and that the Court grant the Defendants all other just and proper relief in the premises.

THRASHER BUSCHMANN GRIFFITH & VOELKEL, P.C.

Date: November 16, 2009                    By: s/ Stephen R. Buschmann
                                           Stephen R. Buschmann Atty No. 3037-49

                                           151 N. Delaware Street, Suite 1900

                                           Indianapolis, IN 46204

                                           Tel. (317) 686-4773
                                           Fax: (317) 686-4777
                                           Email: buschmann@indiana-attorneys.com

                                           Attorneys for Defendants, Sun Lakes at
                                           Bayside Homeowners, Association, Inc.,
                                           Nancy Forbush, Kirkpatrick Management
                                           Company, Inc. Bob Lutz, and John Fleck

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 16th day of November, 2009, he served the foregoing pleading by United States Mail, first class postage prepaid, on the persons listed below:

Ivan Rogers
9464 Bridgewater circle
Indianapolis, Indiana 46250

                    s/ Stephen R. Buschmann
                    Stephen R. Buschmann